UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV32

| | | |
|---|---|---|
| RONNIE ADCOCK, TIMOTHY COCHRANE, THOMAS COCHRANE, KATHERINE IVEY, and KRISTI JONES | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | **ORDER** |
| INTERNATIONAL UNION, UNITED AUTOMOBILE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, and FREIGHTLINER LLC | ) ) ) ) ) | |
| _____Defendants. | ) ) | |

**THIS MATTER** is before this Court upon Defendant's "Motion to Dismiss" (Document

#5). Defendant contends that Plaintiff's claim should be dismissed for failure to state a claim

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.


**I. BACKGROUND**

Plaintiffs allege that in August 2002, Freightliner LLC, ("Freightliner") and the

International Union United Automobile and Agricultural Implement Workers of America

("UAW") (together, the "Defendants") conspired to create a quid pro quo system where the

UAW offered to make bargaining concessions in exchange for Freightliner giving the UAW

special privileges in violation of 18 U.S.C. § 1962, the Racketeer Influenced and Corrupt

Organizations Act. Those privileges included access to employees during the work day through

mandatory meetings and in common areas such as the breakroom. In addition, Freightliner

agreed not to make any negative comments about the UAW.  These concessions were part of a "card check agreement" between Freightliner and the UAW.

## II. DISCUSSION

A motion to dismiss for failure to state a claim upon which relief may be granted should be allowed if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.  *Greenhouse v. MCG Capital Corp.,* 392 F.3d 650, 655 (4th Cir 2004).  A motion to dismiss should be granted if the complaint itself fails to allege the elements for a cause of action or facts sufficient to support such elements.  *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir.), *cert. denied,* 540 U.S. 940 (2003).  Moreover, "allegations must be stated in terms that are neither vague nor conclusory."  *Estate Constr. Co. V. Miller & Smith holding Co.,* 14 F.3d 213, 220 (4th Cir. 1994).

18 U.S.C. § 1962(b) requires 1) a person 2) through a pattern of racketeering activity 3) acquired or maintained, directly or indirectly, any interest in or control of 4) any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.  See 18 U.S.C. § 1962(b).  18 U.S.C. § 1962(c) requires a Plaintiff to plead "1) conduct, 2) of an enterprise 3) through a pattern 4) of racketeering activity."  *Sedima, S.P.R.L. v. Imrex*, 473 U.S. 479, 496 (1997); *Davis v. Hudgins*, 896 F. Supp. 561, 567 (E.D. Va. 1995).  But as a threshold showing to both 18 U.S.C. § 1962(b) and (c), a Plaintiff must plead that a Defendant committed one of the crimes enumerated in 18 U.S.C. § 1961(l).  *Synergy Fin., L.L.C. v. Zarro*, 329 F. Supp. 2d 701, 712 (W.D.N.C. 2004) *quoting Central Distribs. Of Beer, Inc. v. Conn.*, 5 F.3d 181, 183-84 (6th

Cir. 1993).

In this case, Plaintiffs allege one instance of racketeering activity, a violation of § 302 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186.

Under § 302, employers cannot deliver "money or other thing of value" to labor organizations. Labor organizations are also prohibited from requesting or receiving anything of value. In order to survive a motion to dismiss, Plaintiffs must identify facts that support the allegations that a) any "thing of value" passed between the UAW and Freightliner; and b) there was a pattern of violations sufficient to sustain a RICO claim.

In this case, there is no evidence that "things of value" were improperly exchanged between the UAW and Freightliner. Participation of unions and employers in card check programs is proper and has never held to be illegal. *See Hotel Employees Union, Local 2 v. Marriott Corp.*, 961 F.2d 1464, 1468 (9th Cir. 1992), *Hotel Employees & Restaurant Employees Union, Local 57 v. Sage Hospitality Resources, LLC*, 390 F.3d 206 (3rd Cir. 2004) . If the Court were to find that participation in cardcheck agreements was illegal, it would have the effect of criminalizing all collective bargaining agreements. Since the Plaintiffs pleadings do not allege a felony, the pleadings fail to fulfill the necessary requirements for § 302. 18 U.S.C. § 1962 cannot apply without an underlying felony. In this case, it is inconceivable that Freightliner and the UAW's participation in the cardcheck agreement was a felony. Accordingly, the Defendants' Motion to Dismiss is hereby GRANTED.


IT IS SO ORDERED.

Signed: November 9, 2006


Graham C. Mullen
United States District Judge